UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SEAN WESLEY (#372598), Plaintiff | CIVIL ACTION NO. 1:16-CV-1479-P |
| VERSUS | CHIEF JUDGE DRELL |
| LASALLE MANAGEMENT, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Sean Wesley ("Wesley") (#372598). Wesley was granted leave to proceed *in forma pauperis*. (Doc. 16). Wesley is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Jackson Parish Correctional Center in Jonesboro, Louisiana. At the time of filing, Wesley was incarcerated at River Correctional Center in Ferriday, Louisiana. Wesley names as defendants LaSalle Management ("LaSalle"), Warden Fredrick of LaSalle Correctional Center ("LCC"), and the medical staff at LCC. Wesley complains that he has been denied medical treatment for Hepatitis C.[1]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

---

[1]Wesley has two other suits pending in this Court against the DOC and officials at Claiborne Parish Detention Center (1:16-cv-1332; 1:16-cv-1480), also alleging he was deprived of medical care for Hepatitis C.

I.  Background

Wesley alleges that he informed "LaSalle Medical Administration" that he needed to be treated for Hepatitis C. (Doc. 1, p. 3). A nurse told Wesley that the treatment would not be provided because it is too expensive. (Doc. 1, p. 3). Wesley experiences physical and emotional pain as a result of the lack of treatment for his condition. (Doc. 1, p. 3).

Wesley complains that, after filing grievances at each facility, he was transferred to another facility managed by LaSalle. (Doc. 1, p. 3).

II.  Law and Analysis

  A.  Wesley's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Wesley is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Wesley's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Wesley's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A

complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

    B.    <u>Wesley cannot state a claim against the medical staff.</u>

Wesley names the LCC "medical staff" as a defendant. Rule 17(b) of the Federal Rules of Civil Procedure provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Fed. R. Civ. P. 17(b). Thus, Louisiana law governs whether an entity such as a department within a correctional facility has the capacity to be sued. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. The prison's "medical staff" or "department" is not a juridical person capable of being sued.

    C.    <u>Wesley has not alleged deliberate indifference by the warden.</u>

Wesley names the warden of LCC as a defendant, but provides no factual allegations involving the warden. Supervisory officials may not be held liable under § 1983 under the doctrine of respondeat superior. See Mouille v. City of Live Oak, 977 F.2d 924 (5th Cir. 1992), cert. denied, 508 U.S. 951 (1993). Instead, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. See Cronn v. Buffington, 150 F.3d 538, 544 (5th Cir. 1998). Wesley does not specifically allege that Warden Fredrick was

3

personally involved in the alleged violation of his constitutional rights or that Warden Fredrick implemented a policy that deprived him of his constitutional rights. Wesley claims that an LCC nurse deprived him of medication due to cost. Wesley implies that the policy was set by the LaSalle private management company. Wesley does not make such a claim against Warden Fredrick.

### D. Wesley is not entitled to a transfer.

Wesley asks that he be transferred to "the Department of Corrections" or "the southern part of Louisiana." (Doc. 1, p. 4). "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39 (2002); Yates v. Stalder, 217 F.3d 332, 335 (5th Cir. 2000) (courts must afford high degree of deference to prison authorities in inordinately difficult task of running prisons). The classification of inmates is left to the discretion of prison officials. See McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir. 1990). Because "[a] prisoner has no constitutionally protected interest in a particular facility," Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996), Wesley's request for transfer should be dismissed.

### III. Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Wesley's claim against the medical staff and Warden Fredrick be **DENIED** and **DISMISSED** with prejudice under § 1915(e)(2)(b) and § 1915A. **IT IS RECOMMENDED** that Wesley's request for a transfer also be **DENIED** and **DISMISSED**. Service of process of Wesley's

4

complaint against the private prison management company, LaSalle Corrections, will be addressed in a separate order.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __27th__ day of January, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge