a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SEAN WESLEY (#372598), Plaintiff | CIVIL DOCKET NO. 1:16-CV-1479-P |
| VERSUS | JUDGE DONALD E. WALTER |
| LASALLE MANAGEMENT, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion for Temporary Restraining Order or Preliminary Injunction (Doc. 110) filed by *pro se* Plaintiff Sean Wesley ("Wesley") (#372598). Wesley is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Raymond Laborde Correctional Center. At the time of filing, Wesley was incarcerated at River Correctional Center in Ferriday, Louisiana, and then transferred to Jackson Parish Correctional Center in Jonesboro, Louisiana. Wesley alleges that he has been denied medical treatment for Hepatitis C. (Doc. 1). Wesley seeks injunctive relief based on the same facts alleged in the Complaint.

Because Wesley is no longer housed at a facility managed by Defendant LaSalle Management Company, LLC ("LaSalle Management"), his Motion (Doc. 110) should be DENIED as MOOT.

I. Background

Wesley claims he was denied medical care by staff at numerous LaSalle Management facilities because treatment is too expensive. (Docs. 1, 13, 14). Wesley

was also informed that he could not receive treatment until he had been incarcerated for two years. (Doc. 18, p. 2).  Wesley alleges that LaSalle Management simply transferred him between facilities rather than providing him with medical care. (Docs. 1, 13, 14).  Wesley allegedly experiences physical and emotional pain as a result of the lack of treatment. (Doc. 1, p. 3).

II.   <u>Law and Analysis</u>

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b)(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

The only adverse party in this case is LaSalle Management.  (Doc. 24).  Wesley is now incarcerated at RLCC, which is not a private prison managed by LaSalle Management.[1]  Because Wesley is no longer in the custody of a facility managed by the adverse party, his claim for injunctive relief against LaSalle Management is moot. <u>See</u> <u>Herman v. Holiday</u>, 238 F.3d 660, 665 (5th Cir. 2001) (transfer renders claim for injunctive relief moot).

---

[1] http://www.lasallecorrections.com/our-locations/; https://doc.louisiana.gov/contact/correctional-facilities/

Wesley has been incarcerated at RLCC since December 2017. (Doc. 29). Therefore, any suggestion of relief based on the possibility of transfer back to a facility managed by LaSalle Management is too speculative to warrant relief. See id. at 665 (citing Bailey v. Southerland, 821 F.2d 277, 279 (5th Cir. 1987)).

### III. Conclusion

Because Wesley is no longer housed at a LaSalle Management facility, IT IS RECOMMENDED that the Motion for Temporary Restraining Order or Preliminary Injunction (Doc. 110) against LaSalle Management be DENIED as MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 25th day of September 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE