UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SEAN WESLEY (#372598), Plaintiff | CIVIL DOCKET NO. 1:16-CV-1479-P |
| VERSUS | JUDGE DONALD E. WALTER |
| LASALLE MANAGEMENT, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion for Rule to Show Cause (Doc. 109) filed by *pro se* Plaintiff Sean Wesley ("Wesley") (#372598). Wesley is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Raymond Laborde Correctional Center. At the time of filing, Wesley was incarcerated at River Correctional Center in Ferriday, Louisiana. In his Complaint (Doc. 1), Wesley alleges that he has been denied medical treatment for Hepatitis C. In this Motion (Doc. 109), Wesley asks that the Court order the DOC to show why it should not be ordered to comply with 28 U.S.C. § 1915(b)(2).

Because Wesley has not demonstrated that the DOC has failed to comply with § 1915, his Motion for Rule to Show Cause (Doc. 109) is DENIED.

I. **Background**

Wesley alleges he made numerous sick calls for medical treatment due to Hepatitis C. (Doc. 1, p. 3). Wesley claims he was denied medical care by staff at numerous LaSalle Management Company, LLC ("LaSalle Management") facilities

because treatment is too expensive. (Docs. 1, 13, 14). Wesley was also informed that he could not receive treatment until he had been incarcerated for two years. (Doc. 18, p. 2). Wesley states that LaSalle Management simply transferred him between facilities rather than providing him with medical care. (Docs. 1, 13, 14). Wesley allegedly experiences physical and emotional pain as a result of the lack of treatment. (Doc. 1, p. 3).

Wesley was granted leave to proceed in forma pauperis. (Doc. 16).

II. <u>**Law and Analysis**</u>

First, Wesley fails to adequately allege that the DOC is not in compliance with § 1915. Wesley simply quotes the statute and asks the Court to have the DOC comply. (Doc. 109).

In another suit filed by Wesley regarding Hepatitis C treatment—which has been dismissed—Wesley filed a similar Motion for Rule to Show cause in which he provided additional argument. (5:16-cv-1332; Doc. 75). In that Motion, Wesley claimed that the DOC was taking more than 20% of funds above $10.00 in one 30-day period in order to pay the filing fee for Wesley's appeal in that case. (5:16-cv-1332; Doc. 75).

In denying Wesley's motion, the District Judge pointed out that Wesley "misunderstands the IFP procedures in the Prison Litigation Reform Act ("PLRA")." (5:16-cv-1332; Doc. 75). As the District Judge noted in denying the motion:

> Under the PLRA:
>
> (b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to

pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>   (A) the average monthly deposits to the prisoner's account; or
>   (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C.A. § 1915(b)(1)-(2). This provision imposes two separate payment requirements. First, an inmate proceeding IFP must pay the initial partial filing fee as soon as funds are available in his or her account. *Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000) (per curiam) (citing *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (per curiam); *McGore v. Wrigglesworth*, 114 F.3d 601, 606 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 203 (2007)). Because "the ten-dollar rule of § 1915(b)(2) is applicable only after the initial partial filing fee is paid," *id.* (citing *McGore*, 114 F.3d at 606), all of the funds in an inmate's account may be withdrawn to satisfy the initial partial filing fee. Once that fee has been paid, the monthly payments to satisfy the remainder of the full filing fee must begin; it is those deductions that are limited to twenty percent of the previous month's income. *Id.* at 653-54 (citing *McGore*, 114 F.3d at 607). Because the two types of payments are separate, the statue does not support Plaintiff's reading that monthly withdrawals to satisfy the remainder of the full filing fee may only begin in the month following the payment of the initial partial filing fee. The statute merely indicates that funds should be attributed first to the initial partial filing fee and then to the remainder of the filing fee.

In other words, once IFP status is granted, an inmate must make the payment described in § 1915(b)(1) (20% of the account balance or deposits for the previous six months) <u>and</u> the payment described in § 1915(b)(2) (20% of the previous month's income on a monthly basis). The $20.83 represents the initial partial filing fee (pursuant to § 1915(b)(1)).

(5:16-cv-1332, Doc. 77).

3

To the extent Wesley contends that he should not have to pay fees in both cases and appeals, and that 20% of his income is the total amount that may be deducted monthly for all his pending cases, his argument is foreclosed by Fifth Circuit precedent. See Atchison v. Collins, 288 F.3d 177, 180 (5th Cir. 2002) (per curiam) ("We hold that § 1915(b)(2) is unambiguous and mandates that prisoners pay twenty percent of their monthly income for each case filed.").

## III. Conclusion

Because Wesley has not demonstrated that the DOC has failed to comply with § 1915, his Motion for Rule to Show Cause (Doc. 109) is DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 25th day of September 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE