UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SEAN WESLEY,<br>Plaintiff | CIVIL DOCKET NO. 1:16-CV-01479 |
| VERSUS | JUDGE WALTER |
| LASALLE MANAGEMENT<br>COMPANY, L.L.C.,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court are a Motion for Sanctions (ECF No. 105) and a Motion to Amend/Correct Complaint filed by Plaintiff Sean Wesley ("Wesley") (ECF No. 120).

Because Wesley has not shown prejudice, his motion for sanctions (ECF No. 105) is DENIED. However, Defendant is ORDERED TO PRODUCE DOCUMENTS as set forth below.

Because Defendant's liability insurer is a necessary party to this action, Wesley's Motion to Amend/Correct Complaint (ECF No. 120) is GRANTED IN PART to add The Princeton Excess and Surplus Lines Insurance Co., and DENIED IN PART as to adding Hub International and Third Party Administrator Mounts Claim Service L.L.C.

## I. Background

Wesley filed a *pro se* complaint, *in forma pauperis*, pursuant to 42 U.S.C. § 1983. ECF Nos. 1, 63. The sole remaining Defendant is the LaSalle Management

Company, L.L.C. ("LaSalle").[1]  Wesley contends that, while he was confined in detention facilities owned and/or operated by LaSalle in 2016, he was denied medical care for the hepatitis C virus ("HCV").  Wesley alleges he was continuously transferred from one facility to another in order to avoid providing him treatment for HCV.  Wesley indicates he began asking for treatment when he learned of the new antiviral (direct-action antiviral, or DAA) medication that cures HCV.  Wesley seeks monetary damages (including punitive damages).  Wesley is presently incarcerated in the Raymond Laborde Correctional Center in Cottonport, Louisiana.

LaSalle answered the complaints.  ECF Nos. 34, 64.  Wesley filed his first Motion for Summary Judgment (ECF No. 51), which was denied (ECF No. 81).

Wesley filed a second Motion for Summary Judgment (ECF Nos. 106, 122) (actually a motion for reconsideration of the first Motion for Summary Judgment) that LaSalle opposes (ECF Nos. 113, 114, 116).  That motion is addressed separately.

Wesley also filed a Motion for Sanctions (ECF No. 105), which LaSalle opposes. ECF No. 112.

Wesley filed a Motion to Amend/Correct Complaint (ECF No. 120), which LaSalle also opposes (ECF No. 124).

---

[1] LaSalle Management Company is also known as LaSalle Corrections, which owns and/or manages 18 correctional centers in Louisiana, Texas, and Georgia.  The Louisiana facilities include Catahoula Correctional Center, Claiborne Parish Detention Center, Jackson Parish Correctional Center, LaSalle Correctional Center, Madison Parish Correctional Center, Richwood Correctional Center, River Correctional Center, Winn Correctional Center, and Lincoln Parish Detention Center.

II.    Law, Analysis, and Orders

   A.    Wesley's Motion for Sanctions is denied, but LaSalle is ordered to produce.

      1.    Wesley may seek sanctions against LaSalle, but the motion is denied.

Wesley filed a second motion seeking sanctions against LaSalle for failing to respond to his discovery requests.  ECF No. 105.

A hearing was held on June 18, 2019 on Wesley's Motion to Compel responses to his discovery requests and his first Motion for Sanctions.  ECF Nos. 85, 95.  The undersigned granted in part the Motion to Compel, denied the Motion for Sanctions, and ordered LaSalle to respond to Wesley's discovery requests in a reasonable manner within 21 days.  ECF No. 95.

LaSalle then responded to the requests for production by objecting to each, then stating "[w]ithout waiving those objections and in the spirit of cooperation in discovery responsive documents have been requested from the following facilities and will be provided upon receipt . . . ."  ECF No. 105-1.  Wesley contends no documents have been produced.

Wesley contends LaSalle waived any objections by not raising them at the hearing.  However, LaSalle was ordered to respond to Wesley's discovery requests *as reasonable* and in a *reasonable manner.*  LaSalle's objections were not waived.

To the extent LaSalle agreed to produce documents, those documents are long overdue.  LaSalle's responses were due August 8, 2019.  ECF No. 98.  LaSalle contends it sent its responses to Wesley's discovery requests on August 8, with notice

of its intent to supplement the responses as it received the requested documents. However, LaSalle does not allege that it ever supplemented its responses with the documents requested.

Instead, LaSalle argues Wesley failed to "meet and confer," as required by Fed. R. Civ. P. rule 37 and Local Rule 37.1, before filing this Motion for Sanctions. *See* Local Rule 37.1W ("If the court finds that opposing counsel has willfully refused to meet and confer, or, having met, willfully refused or failed to confer in good faith, the court may impose such sanctions as it deems proper"); *Johnson v. Coca-Cola Enterprises, Inc.*, 2006 WL 1581218, at *1 (W.D. La. 2006); *see also* Fed. R. Civ. P. 37(a)(2)(B) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.").

The Rule 37(a)(1) requirement of conferral is a precursor to a motion to compel disclosure or discovery. But the meet and confer requirement is not applicable here because the Court has already ordered LaSalle to respond to Wesley's discovery requests. Wesley is contending LaSalle failed to comply with the Court's order granting in part his Motion to Compel.

LaSalle responded to Wesley's discovery requests and, in response to Requests Nos. 1, 2, 6, and 8, agreed to produce the documents after it received them from specified facilities (prisons that are owned and operated by LaSalle). Seven months after the response was filed, the documents apparently still have not been produced. Therefore, Wesley is entitled to seek sanctions pursuant to Fed. R. Civ. P 37.

LaSalle asks to be allowed to "seasonably supplement" its responses if the Motion for Sanctions is not dismissed. That is no longer possible. Nevertheless, LaSalle will have to supplement its responses as previously ordered.

Wesley has not shown prejudice arising from LaSalle's failure to comply with the Court's order. The case has not moved forward and Wesley has not shown that he incurred any expenses as a result of the delay.

Therefore, **IT IS ORDERED** that Wesley's Motion for Sanctions (ECF No. 105) is DENIED.

### 2.    LaSalle must produce the requested documents.

LaSalle also contends its objections, "as stated," are valid. However after making its objections, LaSalle agreed to produce documents in response to Request Nos. 1, 2, 6, and 8.[2]

LaSalle's only real objection was to Request No. 7, for production of medical records for other prisoners who have tested positive for HCV, on the ground of privacy. That objection is valid. Wesley has not shown why he should be entitled to third party medical records.

LaSalle also objects to Request No. 6 to the extent it seeks grievances filed by other inmates, on the ground that it is overly broad and unduly burdensome. LaSalle agreed to produce the grievance records filed by Wesley in the five LaSalle prisons in which he was confined. That objection is also valid. The request is overly broad. Wesley has not shown why he should be entitled to third party grievance records.

---

[2] LaSalle responded to Requests nos. 3 and 5, and stated that it attached to its response the documents requested in Request no. 4.

Wesley admits in his reply brief (ECF No. 125) that, in response to Request No. 8, LaSalle produced a document prepared by an employee at the Madison Detention Center as to the procedures followed there for Louisiana Department of Corrections ("DOC") prisoners with HCV, stating that all facilities under contract with the DOC have a similar policy. Wesley complains that LaSalle has not produced a written policy. LaSalle must either provide its written policy regarding treatment of prisoners with HCV in its facilities, or state in writing that it does not have one.

Accordingly, **IT IS ORDERED** that LaSalle shall produce the documents agreed upon in its responses for Request Nos. 1, 2, 6, and 8, including providing either its *written* policy regarding treatment of prisoners with HCV in its facilities or stating in writing that it does not have a written policy, **on or before February 28, 2020**.

B.     <u>Wesley's Motion to Amend/Correct Complaint is granted in part and denied in part.</u>

Wesley filed a Motion to Amend/Correct Complaint that is entitled "Request Leave to Add Party." ECF No. 120. Wesley moves to add as defendants LaSalle's alleged insurers, The Princeton Excess and Surplus Lines Insurance Co. ("Princeton Excess"), Hub International, and Third Party Administrator Mounts Claim Service L.L.C. ("Mounts Claims Service"). ECF No. 120.

LaSalle contends that Princeton Excess is its only insurer, as set forth in response to Wesley's discovery Request No. 3 and 4. ECF No. 105-1 at 2-3. LaSalle opposes adding Hub International and Mounts Claim Service because they are not its insurers. LaSalle also raises a prescription argument.

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). Determining when justice requires permission to amend rests within the discretion of the trial court. *See Bisby v. Garza*, 2008 WL 465320, at *1 (S.D. Tex. 2008) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971); *Nilsen v. City of Moss Point, Miss.,* 621 F. 2d 117, 122 (5th Cir. 1980)). However, joinder of additional defendants in an action requires permission from the court, and the defendants must be involved in the same transaction or occurrence, with common questions of law or fact, as the originally named defendants. Fed. R. Civ. P. 20. In exercising its discretion in considering a motion to amend a complaint, a district court may consider, among other factors, undue delay, dilatory motive, and undue prejudice. *See Bisby*, 2008 WL 465320, at *1 (citing *Daves v. Payless Cashways, Inc.,* 661 F. 2d 1022, 1024 (5th Cir. 1981)).

Wesley explains he did not add LaSalle's insurer before because he did not have its name, despite requesting it in discovery. Discovery began in this case in 2018. Wesley filed a motion to compel responses to his discovery requests, a hearing was held, and LaSalle was ordered to respond to discovery requests. ECF No. 95. LaSalle was given 120 days to do so. ECF Nos. 95, 98, 99. Federal Rule of Civil Procedure 19 provides for joinder of necessary parties for the just adjudication of claims. *See Judwin Properties, Inc. v. U.S. Fire Ins. Co.*, 973 F.2d 432, 434 (5th Cir. 1992). Pursuant to Rule 19(a)(1), a person "whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the

action if in the person's absence complete relief cannot be accorded among those already parties." *See Prieto v. Universal Underwriters of Texas Ins.*, 2007 WL 2402537, at *1 (S.D. Tex. 2007).

Wesley is permitted to add LaSalle's insurer, Princeton Excess, because it is a party necessary to full adjudication of any financial claims against LaSalle. Wesley may not add International Hub or Mounts Claim Service because they do not insure LaSalle and there is no other connection alleged to exist between them and this case.

Wesley's claim for denial of medical care of his HCV, a current medical problem, alleges an ongoing violation of the constitutional right to medical care. *See Brown v. Piata*, 563 U.S. 493, 1928 (2011) ("A prison that deprives prisoners of basic sustenance, including adequate medical care, is incompatible with the concept of human dignity and has no place in civilized society. If government fails to fulfill this obligation, the courts have a responsibility to remedy the resulting Eighth Amendment violation. . . . Courts may not allow constitutional violations to continue simply because a remedy would involve intrusion into the realm of prison administration."). Wesley's medical records clearly indicate that he has not received any treatment for HCV while in prison. LaSalle did not provide any HCV treatments for him while he was incarcerated in one of its facilities, although it appears his renal function was checked. LaSalle has stated that DOC staff make treatment decisions for HCV-positive inmates, and Wesley did not qualify for treatment.[3] ECF No. 69-3.

---

[3] As previously stated in this case, it appears from the record that LaSalle knew or should have known that Wesley had HCV at least in 2016. LaSalle and River Correctional Centers' medical records from 2016 indicate he had HCV, and the Jackson Parish Correctional Center medical record dated March 2017 also reflects that Wesley had HCV. The renal failure test

LaSalle admits that "[m]edical treatment is typically administered when the HCV infection is affecting liver function."[4]  ECF No. 69-3.

State law supplies the applicable limitations period and tolling provisions in federal actions.  *See Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999).  In Louisiana, Section 1983 actions are governed by a one year prescriptive period.  *See* La. C.C. art 3492; *Wilson v. Garcia*, 471 U.S. 261 (1985); *McGregor v. LSU Bd. of Supervisors*, 3 F.3d 850, 864 (5th Cir. 1993), cert. den., 510 U.S. 1131 (1994).  This prescriptive period commences to run from the date injuries or damages are sustained, *Washington v. Breaux*, 782 F.2d 553, 554 (5th Cir. 1986), or under the doctrine of *contra non valentum*, from the time the plaintiff knew or could reasonably have known he had a cause of action, *McGregor*, 3 F.3d at 865.  *See also Corsey v. State Dept. of Corrections*, 375 So.2d 1319, 1322 (La. 1979).  The continuing violation theory provides that where the last act alleged is part of an ongoing pattern of unconstitutional acts and occurs within the filing period, allegations concerning

---

at River Correctional Center in 2016 was sufficient to indicate that Wesley's complaints of HCV were taken seriously.

Pursuant to the Louisiana Corrections Private Management Act of 1989, La. R.S. 39:1800.5, the Department of Public Safety and Corrections and local governmental subdivisions are authorized to enter into contracts with prison contractors to operate facilities. *See* La. R.S. 39:1800.4; *Williams v. LaSalle Correctional. Center, L.L.C.,* 51,260 (La. App. 2 Cir. 4/5/17), 217 So.3d 1219, 1224, writ den., 2017-0759 (La. 9/22/17), 227 So.3d 825.  These contracts require the contractor to provide medical care for inmates. *See* La. R.S. 39:1800.4(D)(4); *Williams*, 217 So.3d at 1224.  LaSalle has not provided any evidence to show its duty to provide medical care for the HCV-positive inmates in its custody was contractually transferred to (or retained by) the DOC.

[4] Although Wesley has not shown any current harm arising from the delay in treatment, he has at least alleged he is being subjected to an excessive risk of future harm.

earlier acts are not time-barred.  *See McGregor*, 3 F.3d at 866.  "The end goal of the continuing violation theory is to accommodate plaintiffs who can show that there has been a pattern or policy of [unconstitutional acts] continuing from outside the limitations period into the statutory limitations period, so that all of the [unconstitutional] acts committed as part of this pattern or policy can be considered timely."  *Pegram v. Honeywell, Inc.,* 361 F.3d 272, 279 (5th Cir. 2004) (quoting *Celestine v. Petroleos de Venezuela SA,* 266 F.3d 343, 352 (5th Cir. 2001)).[5]

Since Wesley alleges he continues to suffer from HCV, for which he is not receiving any medical treatment, he alleges an ongoing tort.  Therefore, Wesley's claim against LaSalle and its insurer is not prescribed.

**IT IS ORDERED** that Wesley's Motion to Amend (ECF No. 120) is GRANTED IN PART to add The Princeton Excess and Surplus Lines Insurance Co. as a defendant, and DENIED IN PART as to adding as defendants Hub International and Mounts Claim Service L.L.C.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __6th__ day of February 2020.

Joseph H.L. Perez-Montes
United States Magistrate Judge

---

[5] *Celestine* was a Title VII case.  The Supreme Court subsequently held that the continuing violation doctrine is inapplicable to Title VII cases.  *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).