b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SEAN WESLEY, <br> Plaintiff | CIVIL ACTION NO. 1:16-CV-01479 |
| VERSUS | JUDGE WALTER |
| LASALLE MANAGEMENT COMPANY, L.L.C., *ET AL.*, <br> Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a third "Motion for Partial Summary Judgment" filed by Plaintiff Sean Wesley ("Wesley"). ECF No. 131. Wesley's "Motion for Summary Judgment" is actually a Rule 60(e) Motion for Relief from Judgment (ECF No. 106) on his first Motion for Summary Judgment. And it should be DENIED on its merits.

## I. Background

Wesley filed a *pro se* complaint, *in forma pauperis*, pursuant to 42 U.S.C. § 1983. ECF Nos. 1, 63, 127. The remaining Defendants are the LaSalle Management Company, L.L.C. ("LaSalle")[1] and Princeton Excess and Surplus Lines Insurance Company ("PESLIC").[2] Wesley contends that, while he was confined in detention facilities owned and/or operated by LaSalle Management in 2016, he was denied

---

[1] LaSalle Management Company is also known as LaSalle Correction, which owns and/or manages 18 correctional centers in Louisiana, Texas, and Georgia. The Louisiana facilities include Catahoula Correctional Center, Claiborne Parish Detention Center, Jackson Parish Correctional Center, LaSalle Correctional Center, Madison Parish Correctional Center, Richwood Correctional Center, River Correctional Center, Winn Correctional Center, and Lincoln Parish Detention Center.

[2] Service on PESLIC was not ordered, and it has not yet been served.

medical care for the hepatitis C virus ("HCV"). Wesley alleges he was continuously transferred from one facility to another in order to avoid providing him treatment for HCV. Wesley indicates he began asking for treatment when he learned of the new antiviral (direct-action antiviral, or DAA) medication that cures HCV. Wesley seeks monetary damages (including punitive damages). Wesley was released from incarceration in June 2020. ECF No. 136.

LaSalle answered the complaints. ECF Nos. 34, 64. Wesley filed his first Motion for Summary Judgment (erroneously titled "Cross Motion for Summary Judgment"). ECF No. 51. That motion was denied. ECF No. 81. The Court found that, although Wesley had stated a claim for denial of his Eighth Amendment right to medical care for his HCV, there was a genuine issue of material fact as to whether LaSalle was deliberately indifferent to Wesley's need for medical treatment for his HCV. ECF Nos. 74, 81.

Wesley filed a second Motion for Summary Judgment (ECF No. 106) that was a reiteration of his first Motion for Summary Judgment. That Motion was also denied. ECF Nos. 106, 30.

Wesley then filed this Motion for Partial Summary Judgment. ECF No. 131. LaSalle opposes that Motion. ECF No. 144.

II. <u>Law and Analysis</u>

Wesley contends Defendants are liable for denying him treatment for HCV. Wesley contends LaSalle has failed to comply with the DOC treatment requirements for HCV. ECF No. 131 at 6. Wesley alleges that the lack of treatment

for HCV aggravated his schizo-paranoia. ECF No. 131 at 22. Wesley's contention in this partial motion for summary judgment is that LaSalle violated its contractual agreements – with the Louisiana Department of Corrections and the parish governments of the prisons it manages – for the care of inmates including medical care.

It is not clear how Wesley's current Motion is for a partial summary judgment. He concludes his motion with a prayer for "all relief prayed for and to which he is entitled to by law." ECF No. 131 at 23. However, Wesley argues only that Defendants denied him medical care for his HCV. Wesley contends that waiting for him to have permanent liver damage before he is given treatment for liver damage, instead of giving him the vaccine that cures HCV before there is any liver damage, is denial of medical care. Wesley has not adduced any new evidence other than old treatment protocols and LaSalle's contracts to manage the jails (ECF No. 131-2). LaSalle relies on the evidence (Wesley's deposition and medical records) filed in Wesley's first Motion for Summary Judgment.

LaSalle contends Wesley was provided constitutionally adequate medical care, and that his argument amounts to nothing more than a disagreement about treatment. The United Sates Fifth Circuit Court of Appeals has held that unsuccessful medical treatment, neglect, or medical malpractice does not give rise to a § 1983 cause of action. *See Wright v. Scott*, 31 Fed. Appx. 159, at *7 (5th Cir. 2001) (citing *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991)). In addition, an inmate's disagreement with medical treatment is insufficient to establish

3

deliberate indifference. *See Wright*, 31 Fed. Appx. at *7 (citing *Norton v. Dimanza*, 122 F.3d 286, 292 (5th Cir. 1997)). Similarly, a claim that additional diagnostic techniques or forms of treatment should have been utilized is inadequate for purposes of a § 1983 claim. *See Wright*, 31 Fed. Appx. At *7 (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)). In *Estelle*, 429 U.S. at 107, the Supreme Court stated that whether additional or other forms of treatment were indicated was a "classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court under the . . . Tort Claims Act."

Wesley has not been given "unsuccessful medical treatment," nor has there been medical malpractice or neglect by a medical professional because he has not had any treatment for his HCV. Wesley does not disagree with the medical treatment provided, or the form of that treatment, because he has not been given *any* medical treatment for HCV. No medical decision was made as to treatment; medical judgment was not exercised. The decision to wait until Wesley suffers liver damage before he is treatment for the liver damage caused by HCV is not treatment for HCV.[3] It is treatment for cirrhosis.

Wesley contends he was not treated for his HCV due to the high cost of the treatment. LaSalle has not refuted that contention. Instead, LaSalle contends

---

[3] Without treatment, hepatitis C may lead to cirrhosis, liver failure, and liver cancer. Early diagnosis and treatment of hepatitis C can prevent these complications. *See* MedlinePlus Health Information: "Hepatitis C," *available at* https://medlineplus.gov/hepatitisc.html (a service of the U.S. National Library of Medicine and the National Institutes of Health).

Wesley was not provided with any treatment because he does not yet have liver damage from his HCV, and contend it adhered to the State's standard of care for inmates with HCV. That argument does not absolve LaSalle at this point either. First, LaSalle refers only to the Louisiana Department of Corrections treating inmates with liver damage and failure, not to inmates with HCV without liver damage. Second, LaSalle has failed to show that it made the HCV treatment provided by the State available to Wesley.[4]

In April 2019, the Secretary of the Louisiana Department of Health[5] announced that Louisiana would enter into a contract with Gilead Sciences subsidiary Asegua Therapeutics. "Louisiana will pay a fee to the drug manufacturer for unlimited access to its hepatitis C medication, a generic version of Epclusa, for five years. During that period, Louisiana will treat as many Medicaid patients and prisoners as it can, rather than pay a per-patient treatment price . . . Louisiana will have the first subscription model for hepatitis C treatment in the U.S."[6] Louisiana entered into that contract on June 26, 2019.[7] HCV treatment under the state's new

---

[4] Defendant apparently provided Wesley with the old HCV treatment protocols in discovery, but not with the new protocols for providing the new HCV treatment. ECF No. 131-2. Defendant has a continuing duty to update discovery responses.

[5] Former Secretary Rebekah Gee.

[6] Modern Healthcare, "Gilead Enters Subscription-Based Contract with Louisiana for Hepatitis C Drugs" at https://www.modernhealthcare.com/government/gilead-enters-subscription-based-contract-louisiana-hepatitis-c-drugs (2019).

[7] *See* Office of the Governor, Newsroom: Louisiana Launches Hepatitis C Innovative Model with Asegua Therapeutics, Aiming to Eliminate the Disease," at https://www.gov.louisiana.gov/index.cfm/newsroom/detail/2031.

subscription arrangement, for Louisiana Medicaid beneficiaries or those in Louisiana corrections, began in July 2019.[8]

Wesley was in the care of LaSalle Management, incarcerated in LaSalle Correctional Center, when it appears the drug to cure HCV apparently became available to all Louisiana inmates in 2019. He remained in that facility for about one year thereafter. LaSalle has failed to offer a reason why it failed to make the new HCV treatment available to Wesley during that time.[9] While "liver damage" was a relevant factor for treatment (for cirrhosis) before a cure for HCV was developed, it became wholly irrelevant when the cure for HCV became available, free of charge, to all Louisiana inmates.[10]

However, as discussed previously, there are still genuine issues of material fact as to whether LaSalle was deliberately indifferent to Wesley's serious medical needs. Accordingly, Wesley's Motion for Partial Summary Judgment (ECF No. 131) should be DENIED.

The deadlines set forth in the original scheduling order (ECF No. 25) were extended without date (ECF No. 60). The deadline for filing dispositive motions was also continued without date. ECF Nos. 91, 95. The evidence of record shows

---

[8] *See* Louisiana Department of Health, Community & Preventative Health: "Hepatitis C" at https://ldh.la.gov/index.cfm/page/1012.

[9] Defendant cites cases that pre-date the new availability of a free HCV treatment drug for all Louisiana inmates. Since Wesley was in Defendant's care for about one year after the treatment was made available, those cases are not relevant.

[10] LaSalle contends somewhat vaguely that it "has adopted the current policy of the DOC regarding the treatment of ODC inmates, like Wesley, with hepatitis C" (ECF No. 144 at 14). But it has not shown that it provided the current (free) HCV treatment to Wesley or offered a reason it failed to do so.

6

that discovery has taken place.[11] Defendants have never filed a dispositive motion (or statement of issues for trial), but have filed numerous motions for extension of time in which to do so (ECF Nos. 37, 47, 54, 59, 90), as well as to complete discovery (ECF Nos. 37, 54, 59, 98).

Both parties have had ample time for discovery and dispositive motions. Accordingly, this case should be set for trial.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Wesley's Motion for Partial Summary Judgment (ECF No. 131) be DENIED.

IT IS FURTHER RECOMMENDED that this case be set for trial.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any

---

[11] Defendants deposed Wesley in 2018. ECF No. 144-1.

extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

    SIGNED on Friday, February 19, 2021.

                                             JOSEPH H.L. PEREZ-MONTES
                                             UNITED STATES MAGISTRATE JUDGE